UNITED STATES DISTRICT COURT
SOUTHERN OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: ALLAN A. HAYE<br>        Debtor | CHAPTER 7 BANKRUPCTY<br>U.S. Bankruptcy Court Southern<br> District of New York<br> CASE No. |
| JAMES ALLEN, ALLAN HAYE<br>AND ROBERT L.THOMAS<br>        *Plaintiffs*<br>vs. | From the 80th District Court, Harris<br>County, Texas, Cause No. 2020-35780 |
| PCF INVESTMENTS INC ITS SUBSIDARY<br>PCF PROPERTIES IN TEXAS LLC.<br>        *Defendants Third Party-Plaintiff*<br>*vs.* | CASE NO. 24-2999 |
| JAMES M. ANDERSEN AND ELIZABETH<br>THOMAS<br>        *Defendants Third Parties* | |

**AMENDED NOTICE OF REMOVAL OF STATE COURT ACTION
TO UNITED STATES DISTRICT COURT**

**TO: THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS**

   **PLEASE TAKE NOTICE**, that James M. Andersen has removed to the United States District Court of Texas: Houston Division, all claims and causes of actions in the civil case styled as *James Allen, Robert L. Thomas and Allan Haye vs. PCF Investments Inc, its subsidiary PCF Properties in Texas LLC., vs. Elizabeth Thomas and James M. Andersen* Cause No. 2020-35780 (the "State Court Action"), from the 80th District Court, Harris County Texas to said federal court pursuant to F.R.B.P. Rule 9027(a)(1).

**Grounds for removal**

1. This Civil Action is Founded on Causes of Actions related to the Laws of the United States Bankruptcy Court.

**A.** **28 U.S.C. § 9027**. Subpart (a)(1) of Federal Rule of Bankruptcy Procedure 9027, provides the procedural requirements for removal, states: An application for removal of a claims or cause of action shall be filed with the clerk for the district and division within which is located the state or *federal court* where the civil action is pending. This notice of removal is being filed for the purpose of transferring the state court action to the United States District Court Southern of New York for referral to the U.S. Bankruptcy Court Southern of New York in the case styled as *In re Allan A. Haye* case No. 24-11375. Mr. Haye commence a Chapter 7 bankruptcy case. The commencement of a case under Title 11 creates an estate. 11 U.S.C. §541(a). Such estate is comprised of all property, wherever located and by whomever held, including all legal or equitable interests of the *debtor* in property as of the commencement of the case. See, 11 U.S.C. § 541(a)(1). Property of the estate includes all legal or equitable interests of the debtor in property, including "*causes of action"*. 11 U.S.C. § 541. All parties have consented to the entry of final orders in this case. On motion and after a hearing, the court may transfer an adversary or any part thereof to another district pursuant to 28 U.S.C. §1412, except as provided in Rule 7019(2).

**B.** Subpart (c) of Rule 9027 provides that "the parties shall proceed no further in that court [from which the action is removed] unless and until the claim or cause of action is remanded.

**C.** **Non-Parties**

On February 18, 2019, the State court signed a non-suit order filed by Plaintiffs James Allen, Robert L Thomas and Allan Haye against Defendant P.C.F. PROPERTIES IN TX, LLC in the case styled as *James Allen, Robert L. Thomas and Allan Haye vs. PCF Investments Inc, its subsidiary PCF Properties in Texas LLC., vs. Elizabeth Thomas and James M. Andersen* as to all

claims thereby effectively removing this defendant as a party to the lawsuit having filed no counter-claims or sought any affirmative relief.

P.C.F. Properties in Tx. LLC a purported Texas limited Liability company is also not named or designated as a party to the state court lawsuit as according to the Texas Secretary of State they lack a legal existence due to never being duly form.

P.C.F. Investments Inc., a similar named entity to Defendant PCF Investments Inc., is also not named or designated as a party to the state court lawsuit these two have separate and distinct Delaware addresses.

P.C.F. Properties in Tx. LLC, is a party to the new case *In re P.C.F. Properties in Texas LLC,* which replaced and removed the parties in the case styled as *James Allen, Robert L. Thomas and Allan Haye vs. PCF Investments Inc, its subsidiary PCF Properties in Texas LLC., vs. Elizabeth Thomas and James M. Andersen.*

**D.** On March 30, 2023, Plaintiffs James Allen, Robert L Thomas and Allan Haye filed a Amended Petition to add PCF Investments Inc., to lawsuit with PCF Properties in Texas LLC whom has been the Defendant named on lawsuit whom in July of 2020, filed counter-claims against James Allen and in August of 2020, filed Third Party Petition against James M. Andersen and Elizabeth Thomas. On March 30, 2023, James Allen, Robert L Thomas and Allan Haye as "Petitioning Creditors" filed a Involuntary Chapter 7 Bankruptcy Petition against PCF Investments Inc a/k/a PCF Properties in Texas LLC in the U.S. Bankruptcy Court of Delaware under Case No. 23-10378. Additionally on March 30, 2023, cause No 2020-35780 Was removed to the U.S. Bankruptcy Court of Delaware and never remanded back. On April 19, 2023, while PCF Properties in Texas LLC, was subject to the Delaware bankruptcy stay and removed to said bankruptcy court the 80th District Court ("Trial Court"), granted Defendant PCF

Properties in Texas LLC, motion for summary judgment on its counter-claims against James Allen and third party clams against James M. Andersen and Elizabeth Thomas. Elizabeth Thomas, James Allen, Robert L. Thomas and James M. Andersen all filed timely Notices of Appeal of the April 19, 2023, judgment to the First Court of Appeal of Houston under case No. 01-23-00331-CV.   However because cause No, 2020-35780, (the State Court Action") styled as PCF Investments Inc, its subsidiary PCF Properties in Texas LLC., was never remanded back to state court ongoing litigation commence in U.S. Bankruptcy Court of Delaware, which has rendered decision that have been appealed to the U.S. District Court of Delaware and is not pending in the U.S. Third Court of Appeals.   Cause No, 2020-35780, (the State Court Action") styled as PCF Investments Inc, its subsidiary PCF Properties in Texas LLC, cannot be both in State Court of Appeals and U.S. Third Court of Appeals after removal of said case. U.S. Third Court of Appeals is attempting to discern who are the correct named parties to the Cause No, 2020-35780, (the State Court Action"), as normally as a matter of law a trial court has thirty days "to grant a new trial or to vacate, modify, correct, or reform" a final judgment, regardless of whether an appeal has been perfected. TEX. R. CIV. P. 329b(d); *Jackson v. Van Winkle,* 660 S.W.2d 807, 808 (Tex. 1983). Thus, if no motions are filed by any party that operate to extend the court's plenary power, the court loses power over its judgment at the end of thirty days. See TEX. R. CIV. P. 329b(d); *Jackson,* 660 S.W.2d at 808; *Thompson v. Harco Nat'l Ins. Co.*, 997 S.W.2d 607, 617 n.44 (Tex. App.—Dallas 1998, pet. denied). Here more than thirty days after trial court signed the April 19, 2023, judgment every other month trial court is holding hearings on new claims brought by new parties whom has since on July 11, 2024, amended and non-suited the prior claims pending before the court. What more confusing is the fact that a similar named entity P.C.F. PROPERTIES IN TX, LLC., whom trial court signed a suit for on February

18, 2029, after filed no counter-claims or sought any affirmed relief has more than three (3) moths after April 19, 2023, judgment instated itself back into the lawsuit by merely changing the caption of the case.  A Motion to determine the discharge of PCF Properties in Texas LLC., shall be filed before the bankruptcy court.

  **E.**  Subsection (1) of section 1443 grants the right of removal "*to any person*" who is denied or cannot enforce in the [state] courts "his federally protected rights" due to discriminatory unconstitutional trial procedures. Movant and parties ot the lawsuit will show  and demonstrate that they " are  denied or cannot enforce" their  "equal civil rights" in state court.

  **F.**  **This Notice of Removal is Timely.**

 a. This Notice is therefore timely filed on July 11, 2024, the 80th District Court, Harris County,   amended the case styled as *James Allen, Robert L. Thomas and Allan Haye vs. PCF Investments Inc, its subsidiary PCF Properties in Texas LLC., vs. Elizabeth Thomas and James M. Andersen* under Cause No. 2020-35780------- commence a new case and change the cause to  to a MISC, Docket Cause No. 2020-35780, styled as *In re P.C.F. Properties in Texas LLC*., whom is a new party against, Elizabeth Thomas, Jireh Pitts , Jasmine Jarbis, Monique Moore, and Shelvy Spires.

 b. This Court has personal jurisdiction over the parties.

 c.  Defendants named in the Amended Petition filed on July 11, 2024, which added new parties to the case have not been served.

 d. Written notice of this removal shall be provided to counsel or record for Defendant PCF Properties in Texas LLC. A true and complete copy of this Notice will be filed in the State Court Action.

Dated: August 14, 2024

Respectfully submitted,

By:/s/<u>James M. Andersen</u>
James M. Andersen Pro, Se
P. O. Box 58554
Webster, Texas 77598-8554
Tel. (281)488-2800
Jandersen.law@gmail.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 14, 2024 a copy of the foregoing document was served via e-mail and U. S. Mail, postage prepaid, to:

Elizabeth Thomas
712 H Street NE #2487
Washington DC 20002
elizthomas234@gmail.com

James Allen
256 Andover Dr.
Doraville, GA 30360
jamesallenthegreat74@gmail.com

Robert L. Thomas
3400 Cypresswood
Houston Tx. 77070
Robert9thomas@yahoo.com

Allan A. Haye
4548 NW 6th Ct
Ocala FL 33475
ahaye0573@gmail.com

PCF Properties in Texas LLC
1942 Broadway St Ste 314c
Boulder, CO 80302.
pcfpropertiesintexasllc456@gmail.com

Attorney Alzadia Spires
17515 Spring Cypress Rd #C602
Cypress Texas 77429
Tel: (713) 417-4662

7 | P a g e

Email: alzadia@spireslawfirm.com

Attorney for PCF Properties in Texas LLC

By:/s/*James M. Andersen*